# EXHIBIT A

E-FILED IN OFFICE - R.
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-08073-S6
11/10/2021 4:21 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

ALICE LETSON
c/o Fried Goldberg LLC
3550 Lenox Road NE, Suite 1500
Atlanta, Georgia 30326

CIVIL ACTION
NUMBER:_____  21-C-08073-S6

v.

ACUITY, A MUTUAL INSURANCE COMPANY
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, Georgia 30046

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Eric J.D. Rogers
Fried Goldberg LLC
3550 Lenox Road NE, Suite 1500
Atlanta, Georgia 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 12th day of November, 2021 _____, 20\_\_\_\_\_.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

E-FILED IN OFFICE - R.
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-08073-S6
11/10/2021 4:21 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ALICE LETSON,

              Plaintiff,

vs.

BOBBY FRYAR TRUCKING CO. INC,
ACUITY, A MUTUAL INSURANCE
COMPANY and NATHANIEL HENRY,

              Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.
       21-C-08073-S6

## <u>COMPLAINT</u>

    COMES NOW Alice Letson, Plaintiff, and makes and files this complaint against Defendants Bobby Fryar Trucking Co. Inc, Acuity, A Mutual Insurance Company and Nathaniel Henry as follows:

## <u>PARTIES AND JURISDICTION</u>

### 1.

    Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court.

### 2.

    Defendant Bobby Fryar Trucking Co. Inc ("Bobby Fryar") is a corporation and is authorized to transact business in the State of Georgia and may be served through its registered agent J Hatcher Graham at 303 Pheasant Ridge, Warner Robins, Georgia 31088 and is subject to the jurisdiction of this court.

3.

Defendant Acuity, A Mutual Insurance Company ("Acuity") is a corporation and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046 and is subject to the jurisdiction of this court.

4.

Defendant Nathaniel Henry ("Henry") is a resident of the State of North Carolina and may be served at his residential address at 1105 Carters Ridge Road, Spruce Pine, NC 28777 and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about June 10. 2021, Plaintiff Alice Letson was driving a vehicle northbound on SR 2 in Murray County, Georgia.

7.

Plaintiff slowed her vehicle and was attempting to turn left onto Hawkins Branch Road.

8.

Defendant Henry was traveling behind Plaintiff and failed to slow his vehicle and collided with Plaintiff's vehicle.

9.

As a result of the collision, Plaintiff suffered fractures to her ribs and other orthopedic injuries.

## COUNT I – NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Henry was negligent in following too close, failing to keep a proper look out for vehicles on the roadway, and driving under the influence of drugs.

12.

Defendant Henry was negligent in striking Plaintiff's vehicle.

13.

Defendant Henry' negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Henry was under dispatch for Defendant Bobby Fryar.

16.

At the time of the subject collision, Defendant Henry was operating his vehicle on behalf of Defendant Bobby Fryar.

17.

Defendant Bobby Fryar is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Henry in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Bobby Fryar was negligent in hiring Defendant Henry and entrusting him to drive a tractor-trailer.

20.

Defendant Bobby Fryar was negligent in failing to properly train Defendant Henry.

21.

Defendant Bobby Fryar was negligent in failing to properly supervise Defendant Henry.

22.

Defendant Bobby Fryar's negligence in hiring Defendant Henry and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Acuity is subject to a direct action as the insurer for Defendant Bobby Fryar pursuant to O.C.G.A. § 40-2-140.

25.

Defendant Acuity was the insurer of Defendant Bobby Fryar at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

26.

Defendants Bobby Fryar and Acuity are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

27.

Defendant Acuity is responsible for any judgment rendered against Defendant Bobby Fryar.

## **COUNT V – DAMAGES**

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff has a claim for past medical expenses in and future medical expenses.

30.

As a result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

## COUNT VI – PUNITIVE DAMAGES

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a.  That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.  That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.  That Plaintiff recover such other and further relief as is just and proper.

*Signature on Following Page*

This 10th day of November, 2021.

**FRIED GOLDBERG LLC**

By: *Eric J.D. Rogers*

**MICHAEL GOLDBERG**
Georgia Bar No. 299472
**ERIC J. D. ROGERS**
Georgia Bar No. 100081
*Attorneys for Plaintiff*

3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
Michael@friedgoldberg.com
Eric@friedgoldberg.com

E-FILED IN OFFICE - R.
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-08073-S6
11/10/2021 4:21 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ALICE LETSON,

                Plaintiff,

vs.

BOBBY FRYAR TRUCKING CO. INC,
ACUITY, A MUTUAL INSURANCE
COMPANY and NATHANIEL HENRY,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

        21-C-08073-S6

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    Defendants by and through their counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within Forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the vehicle driven by Defendant Henry on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the vehicle driven by Defendant Henry from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of any lease, contract, or other agreement regarding the vehicle driven by Defendant Henry on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of the bill of sale, title, and any other documents relating to the ownership of the vehicle driven by Defendant Henry on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Henry. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Was the Defendant's vehicle covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

8.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

9.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, the policy of insurance identified in response to Interrogatory No. 8.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

10.

Do you contend that Plaintiff or a non-party caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, any trip reports or dispatch records in regard to Defendant Henry for the day

of the incident and the two week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, a copy of all driver's logs or time cards for Defendant Henry for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Henry for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the vehicle driven by Defendant Henry on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of all maintenance records, repair invoices and work orders concerning the vehicle driven by Defendant Henry on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, a copy of Defendant Henry's driver's qualification or personnel file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his drivers license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

5

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)    Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Henry? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Henry. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500,

6

Atlanta, Georgia 30326, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Henry.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

23.

State whether the vehicle involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, GPS or device known by any other name which records information concerning the operation of the vehicle.

7

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the day of the incident and the six-month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Describe the vehicle operated by Defendant Henry at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

26.

State the extent of any training provided to Defendant Henry by this Defendant or any outside agency since the date of Defendant Henry's application for employment or the date he began driving for this Defendant, whichever came first.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, copies of any documents regarding any training received by Defendant Henry. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8

28.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, any permits or licenses regarding the vehicle driven by Defendant Henry and the load transported by Defendant Henry at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

29.

Please explain the nature of the employment relationship between this Defendant and Defendant Henry (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

30.

With respect to Defendant Henry, please state the driver's mode of compensation.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his paycheck for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the vehicle involved in the subject collision.

33.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Henry since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Please identify all automobile accidents and moving violations for Defendant Henry prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

35.

Please state Defendant Henry's date of birth, social security number and driver's license #?

36.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Henry on the date of the incident.

37.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any downloadable data from any cellphone used by Defendant Henry on the date of this incident and any cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

39.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500,

11

Atlanta, Georgia 30326, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

41.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

42.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

43.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

44.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, any videotape, photograph, report, data, memoranda, handwritten notes, curriculum vitae or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, N.E., Suite 1500, Atlanta, Georgia 30326, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

*Signature on Following Page*

This 10th day of November, 2021.

**FRIED GOLDBERG LLC**

By: *Eric J.D. Rogers*
**MICHAEL GOLDBERG**
Georgia Bar No. 299472
**ERIC J. D. ROGERS**
Georgia Bar No. 100081
*Attorneys for Plaintiff*

3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
Michael@friedgoldberg.com
Eric@friedgoldberg.com